# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JUSTIN EZRA JONES #334030,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-01397 |
| ) | CHIEF JUDGE CRENSHAW |
| **SOUTHERN HEALTH PARTNERS,** ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OPINION

Justin Jones filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2) and 1915A, the Court is required to conduct an initial review of any complaint filed in forma pauperis or filed by a prisoner seeking redress from a governmental entity or officer, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less

stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011).

Plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

## II. FACTUAL ALLEGATIONS

In accordance with the standard set forth above, the Court presumes that the following alleged facts are true for the purpose of its initial review. Plaintiff alleges that during his arrest on an unspecified date, he sustained a serious knee injury that required surgery. (Doc. No. 1 at 7.) While Plaintiff was in the hospital for surgery in February 2018, the surgeon prescribed a brace and crutch support on Plaintiff's return to jail and ordered physical therapy to begin after swelling in the knee subsided. (Id.) Plaintiff alleges that Defendants James Walker and Brandon Smith are "responsible for medical care generally and for arranging for specialized medical care outside the prison" and that they personally were made aware of the care recommended by the surgeon and disregarded that recommendation by failing to provide Plaintiff with physical therapy or with instructions for doing physical therapy on his own. (Id. at 7–8.) He alleges that he has asked

2

Defendants Walker and James repeatedly about his ordered physical therapy, "to no avail." (Id. at 8.) Plaintiff alleges that after months of never receiving physical therapy, he is experiencing great pain, stiffness, and lack of proper function of his knee, and he believes that he risks permanent disability unless he receives prompt therapy. (Id. at 9.) He alleges that Southern Health Partners is under contract to provide medical services to the jail inmates. (Id. at 8.)

In an unrelated claim, Plaintiff alleges that "Robertson County, [Sheriff] Van Dyke and [Jail Administrator] Crawford have a ban on congregational church services in Robertson County Detention Center." (Doc. No. 1 at 10.) He explains in effect that "[t]he defendant(s) policy" is that inmates are limited to Bible study in their cells or individual visits from a minister by request. (Id.) Plaintiff alleges that congregational worship is "essential" to the free exercise of his religion, and that he has repeatedly requested such services and been denied "per R.C.D.C. policy." (Id. at 11.) He says Defendants also prohibit baptism and sacramental communion in jail and that they are imposing a substantial burden on the exercise of his religion. (Id.)

In addition to injunctive relief, Plaintiff seeks money damages totaling $100,000 on each claim. (Doc. No. 1 at 6.)

**III.   ANALYSIS**

**A. Medical Claim**

Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment. Ruiz v. Martin, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Because Plaintiff is a pretrial detainee rather than a convicted inmate, his protection against cruel and unusual punishment arises from the Fourteenth Amendment instead of the Eighth, but the analysis is the

same in the deliberate indifference context. Miller v. Calhoun Cnty., 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well."). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Villegas v. Metro. Gov't of Nashville, 709 F.3d 563, 570 (6th Cir. 2013). The "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and requires that the official know of and disregard an excessive risk to the inmate. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Mere allegations of medical malpractice or negligent diagnosis and treatment do not state an Eighth Amendment claim for cruel and unusual punishment. See Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail under those circumstances, an inmate must establish that the treatment he received was "so woefully inadequate as to amount to no treatment at all." Ruiz, 72 F. App'x at 276 (quoting Westlake, 537 F.2d at 860 n.5).

Plaintiff alleges that a surgeon prescribed physical therapy as a medically necessary treatment for his knee following surgery, which satisfies the objective prong of the deliberate indifference analysis. See Beair v. Ohio Dep't of Rehab., 156 F. Supp. 3d 898, 902 (N.D. Ohio 2016) (holding that a condition severe enough to require surgery, post-surgical medical supervision, pain medication, and physical therapy "suffice to show . . . a serious medical need").

4

He further alleges that Walker and Smith were personally responsible for providing his medical care, that they were personally aware of his need for physical therapy, and that they personally failed to provide him with physical therapy or with instructions for how to engage in therapy by himself. Taking Plaintiff's allegations as true,[1] as the Court must at this stage of the case, the Court finds that Plaintiff has stated a claim against Defendants Walker and Smith for deliberate indifference to his serious medical needs.

Plaintiff does not, however, state a claim against Southern Health Partners simply by alleging that it "has a contract responsible for medical care" at the jail. (See Doc. No. 1 at 8.) Although a private corporation that performs a traditional state function acts under the color of state law for purposes of Section 1983, it cannot be found liable solely on the basis of respondeat superior. Thomas v. Coble, 55 F. App'x 748, 748–49 (6th Cir. 2003). For the corporation to be liable, an inmate must prove that his injury was caused by an action taken pursuant to some official policy or custom. Id. at 749 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)); see also Street v. Corr. Corp. of Am., 102 F.3d 810, 817 (6th Cir. 1996). Plaintiff has not alleged that any of the facts in his complaint arose from any Southern Health Partners policy or custom. He therefore fails to state any claim against Southern Health Partners, and his suit against it will be dismissed.

---

[1] The Court notes that in Plaintiff's attempt to establish exhaustion of his administrative remedies, he attaches to his complaint two Inmate Grievance Forms, which include staff responses to the effect that the surgeon did not order outside physical therapy and that staff would provide "a copy of the exercises they showed you if needed." (Doc. No. 1 at 18–19.) Those documents preview a factual dispute at the heart of this claim, but that dispute is not amenable to resolution on initial review where Plaintiff's own allegations must be presumed true and construed in the light most favorable to him.

## B. Religion Claim

Plaintiff alleges that the "policy" in the Robertson County Detention Facility prevents him from participating in congregational worship, communion, and baptism, in violation of his right to exercise his religion under the First Amendment and RLUIPA.

Prisoners have a First Amendment right to practice their religious beliefs. Hudson v. Palmer, 468 U.S. 517, 523 (1984). Prisoners must be provided "reasonable opportunities" to practice their religion. Id. Nevertheless, an inmate's First Amendment right to exercise his religious beliefs may be subjected to reasonable restrictions and limitations reasonably related to legitimate penological interests. Bell v. Wolfish, 441 U.S. 520, 549–51 (1979) (limited restriction against receipt of hardback books under certain circumstances was a rational response to a security problem and did not violate the First Amendment rights of inmates); Pollack v. Marshall, 845 F.2d 656, 658–60 (6th Cir. 1988) (plaintiff who challenged regulation limiting the length of prisoners' hair did not demonstrate he was prevented from practicing his religion in ways other than being required to comply with the hair length regulation failed to state a constitutional violation). The Supreme Court has held generally that "neutral, generally applicable laws that incidentally burden the exercise of religion usually do not violate the Free Exercise Clause of the First Amendment." Holt v. Hobbs, 135 S. Ct. 853, 859 (2015) (citing Employment Div., Dept. of Human Resources of Ore. v. Smith, 494 U.S. 872 (1990)).

RLUIPA was enacted in response to those limitations on First Amendment religious liberties, for the specific purpose of providing "very broad protection for religious liberty." Holt, 135 S. Ct. at 859 (quoting Burwell v. Hobby Lobby, 134 S. Ct. 2751, 2760 (2014)). The Supreme Court has commented on the broad shelter RLUIPA provides to religious practices:

> Several provisions of RLUIPA underscore its expansive protection for religious liberty. Congress defined "religious exercise" capaciously to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." § 2000cc–5(7)(A). Congress mandated that this concept "shall be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of this chapter and the Constitution." § 2000cc–3(g). And Congress stated that RLUIPA "may require a government to incur expenses in its own operations to avoid imposing a substantial burden on religious exercise." § 2000cc–3(c).

Holt, 135 S. Ct. at 860. In order to state a claim for a RLUIPA violation, an inmate must allege that his "request for an accommodation [is] sincerely based on a religious belief" and that the defendant's "policy substantially burdened that exercise of religion." Id. at 862. In order to establish a "substantial burden" for the purpose of RLUIPA, an inmate is not required to demonstrate that he has no alternative means of practicing his religion, that the exercise in question is "compelled" by his religion, or even that it is "central" to his religion. Id. RLUIPA prohibits such "substantial burden" except when the government can demonstrate that its policy is the least restrictive means of further a compelling governmental interest. Id. at 861.

Assuming, as the Court must do, the truth of Plaintiff's allegation that there is a blanket prohibition in place in the Robertson County Detention Facility against congregational worship, communion, and baptism, Plaintiff has arguably stated a claim under both these standards sufficient to survive initial review. He alleges that jail policy deprives him of a practice that is "essential" to his religion. Whether the county and Defendants Van Dyke and Crawford can establish a governmental interest to which their alleged policy is sufficiently tailored to withstand scrutiny under either the First Amendment or RLUIPA is an issue that requires further development of this claim.

Because Plaintiff expressly alleges that the violation of his religious liberties is the result of policy, he states a claim against the county itself, including Defendants Van Dyke and Crawford in their official capacities. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978) (holding

local government is liable under Section 1983 when violation occurs pursuant to government's policy or custom); Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) (holding that "individuals sued in their official capacities stand in the shoes of the entity they represent"). Plaintiff also alleges that "Robertson County, Van Dyke and Crawford have a ban on congregational church services," which—when construed liberally in Plaintiff's favor— sufficiently alleges Van Dyke and Crawford's personal involvement the development or enforcement of the policy or policies in question to proceed against them in their individual capacities as well. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (requiring personal involvement in violation for liability under § 1983).

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff states non-frivolous claims for deliberate indifference and violation of his religious liberties, and process shall issue on Plaintiff's claims. An appropriate Order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE